SCHOTT, Judge.
This is a claim by a flower importer against its agent, Mauricio Diaz, and a common carrier, Continental Airlines/Cargo Development Group, for financial losses arising out of the spoilage of fresh roses purchased in Mexico and shipped to New Orleans. The trial court found that the spoilage of the roses was caused in part by improper handling and packing on plaintiff’s part prior to delivery to the carrier and in part by improper handling on the carrier’s part. The court dismissed the suit against Diaz and awarded plaintiff half of its claim against the carrier. Plaintiff has appealed seeking full recovery against both defendants.
Early in 1985 plaintiff employed Diaz to purchase fresh roses in Mexico City and to pack and ship them to New Orleans in time for Valentine’s Day. Diaz was to be paid the amount he paid for the flowers five days after invoicing plaintiff, and plaintiff procured from its local bank a letter of credit in Diaz’ favor to secure payment of his invoice.
For reasons not explained in the record the arrangement between plaintiff and Diaz for the latter to have the sole responsibility for purchasing, packing, and shipping the flowers was altered and one of plaintiff’s partners, Shelby Hampton, flew to Mexico City where he met Diaz and took charge of the selection, packing, and shipping of the roses with Diaz’ assistance..
The flowers were delivered to Continental Airlines in Mexico City and flown to Houston, Texas. They were next taken by Continental’s Cargo Development Group to New Orleans on unrefrigerated trucks. *333 When they were unpacked in New Orleans they were spoiled.
On February 9 Diaz issued his invoice to plaintiff and upon providing plaintiff’s bank with the required documentation he collected $36,720 on February 14. According to his testimony this entire amount was owed to the suppliers in Mexico.
At the conclusion of the trial the judge dictated into the record extensive findings of fact. As to Diaz he found that plaintiff terminated his agency when it took charge of the matters Diaz had been employed to do and the judge found no evidence of fraud or misconduct by Diaz. He accepted Diaz’ testimony that the money he billed to plaintiff was owed by Diaz to the suppliers and he was entitled to collect it from the bank.
As to Continental/Cargo the trial judge found that it was at fault in failing to ship the flowers from Houston to New Orleans in refrigerated trucks but that this was only a contributing cause of the destruction of the entire shipment. Contributing equally to the loss was the fact that the flowers were improperly prepared and packed for shipment before they were delivered to the carrier.
These findings are fully supported by the evidence, especially by testimony which the trial judge found credible. Plaintiff’s argument that Diaz violated principles of good faith and integrity owed to his principal and that Diaz defrauded plaintiff has no merit in the light of the trial court’s findings that Diaz performed every duty plaintiff allowed him to perform and that the funds he collected were owed by him to the suppliers. There is no question but that the roses were fresh and in good condition when purchased from the suppliers and there is no evidence that Diaz was in any way responsible for plaintiff’s problems. For these reasons that portion of the judgment dismissing plaintiff’s claim against Diaz will be affirmed.
The trial court’s finding of plaintiff’s fault in the preparation and packing of the roses is likewise supported by the evidence. According to the uncontradicted testimony of an expert, plaintiff was at fault in failing to provide water and refrigeration to the flowers when they were initially selected, in packing three times the proper number of roses in each bundle, and in packing the bundles in the wrong type of cartons. However, there is also support for the court’s conclusion that even had the flowers been properly prepared and packed they would have been damaged as a result of the long trip from Houston to New Orleans in unrefrigerated trucks.
Plaintiff contends it is entitled to recovery under the foregoing facts as a matter of law. Plaintiff relies on Ill. Cent. Gulf R. Co. v. City of New Orleans, 426 So.2d 1385 (La.App. 4th Cir.1983) in which the court held that in an action by a shipper against a carrier the shipper must prove: (1) Receipt of goods by the carrier in good condition; (2) arrival in damaged condition; and (3) the amount of the loss. Applying these criteria to the facts of the case plaintiff insists that it is entitled to judgment for the full amount of the claim.
There is no question that the second and third conditions were established, but the first requires scrutiny. It is an established fact the roses were fresh when selected by Mr. Hampton. But as testified to by the expert and found by the trial judge, plaintiff’s failure to water and cool the roses and its failure to pack them properly set into motion the deterioration of the roses which would continue until they arrived in New Orleans no matter how Continental handled them. So they were not in good condition when received by Continental even though they might have been in excellent condition when selected by Mr. Hampton. Therefore, plaintiff failed to establish the first condition in order to recover anything from Continental/Cargo.
However, plaintiff falls back on the following language of the Ill. Cent. Gulf R. Co., case: “Furthermore, assuming ar-guendo fault of the shipper, negligence on the part of the carrier vitiates the shipper’s fault.” 426 So.2d at 1388. Plaintiff contends that a literal application of this principle to the facts entitles it to recover because once Continental/Cargo’s negligence *334 was established plaintiff’s negligence was rendered legally ineffective and could not operate as a bar to full recovery.
The quoted language must be read in the full context of the Ill. Cent, opinion. In that case the railroad, as the shipper, had improperly loaded a combine on the switching carrier’s (City of New Orleans Public Belt Railway) car so that the combine was noticeably and obviously leaning to one side. The court recognized that improper loading by the shipper extinguished the carrier’s liability, but the court stated:
“... However, the carrier has the right to refuse those shipments which appear to be improperly loaded. It follows as a corollary that if the carrier accepts for shipment any freight which ordinary inspection would reveal to be improperly loaded, it is the carrier who must bear the responsibility for damage.”
Thus, the statement that the carrier’s negligence vitiates the shipper’s fault was made in the context where the carrier assumes responsibility by accepting for shipment something which is obviously not wrapped or packed or loaded properly.
In the present case there is no evidence to suggest that Continental/Cargo knew or should have known that plaintiff had failed to prepare and pack the roses properly. Therefore, its subsequent failure to ship the roses from Houston to New Orleans in refrigerated trucks cannot be said to vitiate plaintiff’s fault in the handling of the roses.
The trial court’s award of half of plaintiff’s claim seems to have support from this court’s decision in Southwestern Sugar & Molasses Co. v. Industrial Molasses Corp., 135 So.2d 481 (La.App. 4th Cir.1961). There a molasses buyer sued the seller and the railroad carrier for loss of some of the molasses which dripped from the car in transit. The court found the seller at fault for failing to tighten the cap under the car and it also found the railroad at fault because its personnel saw the leaking and failed to remedy the problem. The court found the seller who was the shipper and the carrier liable in solido to the buyer. The result was that each paid half the claim. In the instant case plaintiff was the shipper as well as the consignee. Since plaintiff as the shipper was jointly at fault with the carrier plaintiff’s recovery from the carrier was properly limited to one-half of its loss.
Accordingly, the judgment appealed from is affirmed.